UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LEIF O'CONNELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:19-cv-00910-SEB-MJD |
| | ) |
| DUSHAN ZETECKY, | ) |
| | ) |
| Respondent. | ) |

**Order Granting Motion to Dismiss Petition for a Writ of Habeas Corpus
and Denying Certificate of Appealability**

Petitioner Leif O'Connell was convicted in an Indiana state court of murder and attempted murder in 1999. Mr. O'Connell seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent argues, among other things, that Mr. O'Connell's habeas petition is time-barred. Mr. O'Connell has replied, arguing that he is entitled to equitable tolling.

For the reasons explained in this Order, Mr. O'Connell's habeas petition is time-barred and must be dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. Background**

Mr. O'Connell was found guilty of murder and multiple counts of attempted murder in St. Joseph County, Indiana. After the Indiana Court of Appeals affirmed his convictions and sentence, the Indiana Supreme Court affirmed Mr. O'Connell's conviction but remanded for a more developed sentencing statement. A new sentencing statement was issued, the Indiana Court of Appeals again affirmed Mr. O'Connell's sentence, and the Indiana Supreme Court denied Mr. O'Connell's petition to transfer on January 31, 2002.

Mr. O'Connell filed a first petition for state post-conviction relief on April 10, 2002, which was denied more than twelve years later on August 18, 2014. He did not appeal that denial to the Indiana Court of Appeals. On May 15, 2015, Mr. O'Connell sought permission from the Indiana Court of Appeals to file a successive petition for state post-conviction relief, which was denied on June 26, 2015. Over a year later, on September 16, 2016, Mr. O'Connell filed a second request for permission to file a successive petition for state post-conviction relief, which was granted on October 4, 2016. The state post-conviction court denied relief, and the Indiana Court of Appeals affirmed. Mr. O'Connell's petition to transfer to the Indiana Supreme Court was denied on February 21, 2019.

Mr. O'Connell filed a petition for a writ of habeas corpus in this Court on March 4, 2019.

## II. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), revised several statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). "Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

## III. Discussion

The Indiana Supreme Court denied Mr. O'Connell's petition to transfer his direct appeal on January 31, 2002. The time to seek certiorari from the United States Supreme Court expired ninety days later on May 1, 2002. *See* Rule 13, Rules of the Supreme Court of the United States. His conviction became final on that date. *Gonzalez v. Thayer*, 565 U.S. 134, 150 (2012). Typically, this is when the one-year limitations period would begin to run. But Mr. O'Connell filed his first petition for state post-conviction relief on April 10, 2002, and the limitations period is tolled during the time in which the petitioner has pending a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2).

Mr. O'Connell's first petition for state post-conviction relief was denied on August 18, 2014. He did not appeal that denial to the Indiana Court of Appeals, which was due no later than September 17, 2014. *See* Ind. App. R. 9(A)(1). The limitations period began to run at this time.

Mr. O'Connell filed a petition to modify his sentence on December 4, 2014, which was denied by the trial court on March 6, 2015. The limitations period was similarly tolled while this petition was pending, up until the time to appeal the denial elapsed on April 5, 2015. *See Wall v. Kholi*, 562 U.S. 545, 556-57 (2011).

On May 15, 2015, Mr. O'Connell sought permission from the Indiana Court of Appeals to file a successive petition for state post-conviction relief, which was denied on June 26, 2015. Over a year later, on September 16, 2016, Mr. O'Connell filed a second request for permission to file a successive petition for state post-conviction relief, which was granted on October 5, 2016. The limitations period was not tolled while Mr. O'Connell sought permission to file a successive state post-conviction petition; it was only tolled once permission was granted. *See Martinez v. Jones*, 556 F.3d 637, 638-39 (7th Cir. 2009) ("[W]here state law requires pre-filing authorization—such

as an application for permission to file a successive petition—simply taking steps to fulfill this requirement does not toll the statute of limitations. Instead the second petition tolls the limitations period only if the state court grants permission to file it.").

The state post-conviction court denied relief, and the Indiana Court of Appeals affirmed. Mr. O'Connell's petition to transfer to the Indiana Supreme Court was denied on February 21, 2019.

Given the foregoing, Mr. O'Connell's petition was filed more than one-year after his limitations period expired. Mr. O'Connell used 78 days of the limitations period between his first state post-conviction proceeding and his petition to modify sentence. Then 549 days elapsed between when his petition to modify sentence was denied and when his successive post-conviction petition was filed. The following chart illustrates this:

| State Post-Conviction Filed (before conviction final) | April 10, 2002 | 365 days left in limitations period |
| --- | --- | --- |
| State Post-Conviction Denied and Time to Appeal Elapsed (clock begins running) | September 17, 2014 | 365 days left in limitations period |
| Petition to Modify Sentence Filed (limitations period tolled) | December 4, 2014 | 287 days left in limitations period |
| Petition to Modify Sentence Denied (clock begins running) | April 5, 2015 | 287 days left in limitations period |
| Successive State Post-Conviction Filed | October 5, 2016 | 262 days beyond one-year limitations period |

Mr. O'Connell acknowledges that the limitations period ran before he filed his habeas petition, but he argues that he is entitled to equitable tolling.[1] "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some

---

[1] Mr. O'Connell also argues that his claims are not procedurally defaulted, relying on alleged ineffectiveness of post-conviction counsel and *Brown v. Brown*, 847 F.3d 502, 513 (7th Cir. 2017). But *Brown* is only an avenue to overcome procedural default; it cannot be used to overcome the statute of limitations. Because the Court ultimately concludes that Mr. O'Connell's claims are time-barred, it need not reach the issue of procedural default and the applicability of *Brown*.

extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). These two "elements" are distinct. *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016). The diligence element "covers those affairs within the litigant's control; the extraordinary-circumstances prong, by contrast, is meant to cover matters outside its control." *Id.* It is the petitioner's "burden to establish both [elements]." *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2015).

"Although not a chimera—something that exists only in the imagination, equitable tolling is an extraordinary remedy that is rarely granted." *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016) (citations and quotation marks omitted). When evaluating whether equitable tolling is warranted, the Court must evaluate "the entire hand that the petitioner was dealt." *Socha*, 763 F.3d at 686.

Mr. O'Connell advances two arguments for meeting the second element of equitable tolling—that there was an extraordinary circumstance beyond his control that prevented timely filing. First, he asserts that, following the denial of his first petition for post-conviction relief, his counsel incorrectly told him (among other things) that he had a year to file an appeal. But the Seventh Circuit has made clear that counsel's misunderstanding of the law is not an extraordinary circumstance. *See Lombardo v. United States*, 860 F.3d 547, 552-54 (7th Cir. 2017) (collecting cases); *id.* at 554 ("[W]hether the attorney doesn't do enough research, relies on the wrong type of source, or just plain gets it wrong[,] [t]his factor alone thus does not elevate counsel's error to an extraordinary circumstance.").

Second, Mr. O'Connell states that, during the nineteen-month period from March 2015 to October 2016, it took the Indiana Public Defender ninety days to give him the state record and that he was only permitted one or two forty-five minutes periods per week to conduct legal research at

his prison (except when the prison was on lockdown, which it was for at least 110 days during this period). It is true that a lack of access to the state records—especially when combined with insufficient law-library access—could constitute an extraordinary circumstance. *See Socha*, 763 F.3d at 686-87. But even counting the 90 days during which Mr. O'Connell did not have the record and the 110 days the prison was on lockdown, this accounts for approximately seven of the nineteen-month period. Mr. O'Connell provides no explanation for what prevented his timely filing during the remaining twelve months. These circumstances stand in stark contrast to the rare instances where a court has held that the lack of a record and law-library access amounted to an extraordinary circumstance. In such cases, the petitioner was without the record or law-library access for nearly the entire limitations period. *See id.* at 686 ("For nearly 90% of his allotted one year, [the petitioner] was without access to any of the documents pertaining to his legal proceedings through no fault of his own.").

In sum, Mr. O'Connell has not provided allegations that, taken as true, demonstrate that an extraordinary circumstance prevented timely filing of his habeas petition. The Court therefore need not discuss whether he meets the diligence requirement, as Mr. O'Connell is not entitled to equitable tolling. Accordingly, Mr. O'Connell's petition for a writ of habeas corpus is dismissed as untimely.

### IV. Conclusion

Mr. O'Connell's petition for a writ of habeas corpus is dismissed with prejudice as untimely. Respondent's motion to dismiss, dkt. [9], is **granted**. Judgment consistent with this Order shall now issue.

## V. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.'" 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Mr. O'Connell's petition was filed well beyond the expiration of the one-year statutory limitations period and he has not demonstrated that he is entitled to equitable tolling. Jurists of reason would not disagree with this Court's resolution of this claim and nothing about the claim deserves encouragement to proceed further.

The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 5/14/2019

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

LEIF O'CONNELL
994046
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Tyler G. Banks
INDIANA ATTORNEY GENERAL
tyler.banks@atg.in.gov

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov